**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Madalyn Fischer</u>

    v.                                              Civil No. 09-cv-090-JL

<u>New Hampshire Department of
Health and Human Services</u>[1]

**REPORT AND RECOMMENDATION**

Madalyn Fischer has filed this action, pursuant to 42 U.S.C. § 1983, as a pro se and in forma pauperis plaintiff.  <u>See</u> 28 U.S.C. § 1915(a).  Accordingly, the matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claim upon which relief might be granted.  <u>See</u> 28 U.S.C. § 1915(e); United States District Court District of New Hampshire Local Rules ("LR") 4.3(d)(1)(B).

<u>Standard of Review</u>

Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge

---

[1] In an addendum to the complaint filed March 23, 2009 (document no. 4), it appears that Fischer seeks to add claims to this action against the Belknap County Superior Court.  I will accept the addendum as part of the complaint and will consider plaintiff to have named the Belknap County Superior Court as a defendant.

conducts a preliminary review. LR 4.3(d)(1)(B). In conducting a preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true both the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences that may be reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

The complaint filed in this matter is vague and fails to follow a linear narrative. Construing the facts as generously as possible in plaintiff's favor, however, I find that she has alleged the following in support of her claim for relief.

Fischer alleges that her daughter, Kelly Barton Firman, sought to obtain guardianship over Fischer in the Belknap County Superior Court ("BCSC"). Fischer asserts, without explanation, that these efforts were made under the auspices of the New Hampshire Department of Health and Human Services ("NH-DHHS"). Fischer claims she was never provided with notice of the guardianship proceedings in the BCSC.

Fischer states generally that the guardianship hearings, held without notice, violated her civil rights. Fischer states that at some point in the past, she had a stroke, and during the time of her resultant incapacitation, her daughter appropriately obtained guardianship of her. Fischer says that she is recovered now and able to live independently and take care of all of her needs, including paying her own bills, walking to the doctor's office, and taking a cab to do her own food shopping. Fischer believes that Firman is seeking control of Fischer's affairs in

order to prevent Fischer from cutting her off financially, as Firman regularly relies on Fischer for financial and other assistance.

Included with Fischer's claims are references to the proceeds of Fischer's mother's life insurance policy, to which Fischer believes she is entitled, but the proceeds of which she has not received.  Fischer also claims that she is due to receive a lump sum social security payment.  Fischer's claims here indicate that Firman may be seeking access to the insurance and social security money by improperly instituting guardianship proceedings, and that Firman is being assisted in her efforts by NH-DHHS.  Further, Fischer claims that the BCSC is denying Fischer access to the insurance money by holding guardianship hearings without notifying Fischer of the hearings.

## Discussion

I. Fourteenth Amendment Claim Under 42 U.S.C. § 1983

The complaint does not make clear the precise nature of the claims Fischer intends to raise.  Construed generously, however, I find that she is attempting to raise claims against the NH-DHHS and the BCSC, alleging that she is being deprived of her

Fourteenth Amendment due process rights in the guardianship proceedings initiated by her Firman.[2]

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  See 42 U.S.C. § 1983;[3] Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Fischer

---

[2] The claims, as identified herein, will be considered to be the claims raised in the complaint for all purposes.  If Fischer objects to this identification of the claims raised, she must do so by proper objection to this Report and Recommendation or by properly moving to amend her complaint.

[3] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

5

alleges a violation of federal constitutional law by state defendants, her suit arises under § 1983.

II. State Defendants

The Supreme Court has held that "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (Eleventh Amendment bars all suits in federal court against states or their agencies); Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006). This bar exists whether the relief sought is equitable or legal. See Pennhurst, 465 U.S. at 100-01; Diaz-Fonseca, 451 F.3d at 33. New Hampshire has not waived its Eleventh Amendment immunity for actions brought pursuant to 42 U.S.C. § 1983.

Fischer has named NH-DHHS and the BCSC, both state agencies, as defendants to this action. I find that the Eleventh Amendment bars this suit. As all of the named defendants are immune from this suit, I recommend that the action be dismissed in its entirety.

<u>Conclusion</u>

For the foregoing reasons, I recommend that this action be dismissed. Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date:   July 23, 2009

cc:     Madalyn Fischer, *pro se*


JM:jba